UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NAJLA ABU JABER, individually,

    Plaintiff,

v.

COMENITY BANK, a foreign corporation,
DELTA OUTSOURCE GROUP, INC.
a foreign corporation, and PROFESSIONAL
BUREAU OF COLLECTIONS OF MARYLAND,
INC., a foreign corporation,           **JURY DEMAND**

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff NAJLA ABU JABER alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendants COMENITY BANK, DELTA OUTSOURCE GROUP, INC. and PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.

2. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, as this is a civil action arising under the laws of the United States.

4. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

5. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

## PARTIES

6. Plaintiff NAJLA ABU JABER is a natural person and a resident of the State of Florida, residing in Broward County, Florida.  Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

7. Defendant COMENITY BANK ("Comenity") is a Delaware corporation and national bank that provides credit card services for retail stores and uses, among other things, an automated telephone dialing system to engage in debt collection, and operates from offices located at One Righter Parkway, Suite 100, Wilmington, DE 19803.

8. Defendant DELTA OUTSOURCE GROUP, INC. ("Delta Outsource Group") is a Missouri corporation and a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 1000 Lake Saint Louis Boulevard, Suite 20, Lake St. Louis, MO 63367.

9. Defendant PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. ("PBCM") is a Maryland corporation and a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 7 St. Paul Street, Suite 1660, Baltimore, MD 21202.

10. Defendants Delta Outsource Group and PBCM regularly use the mail and telephone in businesses the principal purpose of which is the collection of consumer debts.

11. Defendants Delta Outsource Group and PBCM regularly collect or attempt to collect consumer debts for other persons.

12. Defendants Delta Outsource Group and PBCM are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff previously obtained several personal retail credit cards with credit provided by Defendant Comenity.

14. Plaintiff subsequently incurred balances on these credit cards, and said balances later went into default.

15. Some time thereafter, the Plaintiff began receiving automated telephone calls on her cellular telephone from Defendants.

16. Upon answering any of these calls, the Plaintiff was greeted by either: (a) a machine-operated voice advising her to "press one if this is Najla Abu Jaber," (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator, or (c) an automated voice that delivered a pre-recorded or computer-generated message advising that the call was from one of the Defendants.

17. When the Plaintiff answered any of these calls and was connected to a live operator, or when the Plaintiff called back, the operator advised that the call was made on behalf of either PBCM, Delta Outsource Group, or Comenity itself, to collect one or more of the balances allegedly owing in connection with Plaintiff's retail credit cards.

18. Defendants' methods of contacting Plaintiff is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008), In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

19. Plaintiff avers that in spite of numerous requests to stop Defendants' constant barrage of telephone calls, Defendants persist in calling Plaintiff's cellular telephone.

20. In sum, Defendants have made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates paragraphs 1 through 20 herein.

22. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff NAJLA ABU JABER requests that the Court enter judgment in favor of Plaintiff and against Defendants COMENITY BANK, PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. and DELTA OUTSOURCE GROUP, INC. for:

    a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

4

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(as to Defendant PBCM and Delta Outsource Group)

23. Plaintiff incorporates paragraphs 1 through 20 herein.

24. Defendants PBCM and Delta Outsource Group violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice.  These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).  See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff NAJLA ABU JABER requests that the Court enter judgment in favor of Plaintiff and against Defendant PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. and DELTA OUTSOURCE GROUP, INC. for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.  such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiff incorporates paragraphs 1 through 20 herein.

26. Pursuant to Florida law, Plaintiff seeks a declaration that Defendants practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff NAJLA ABU JABER requests that the Court enter judgment in favor of Plaintiff and against Defendants COMENITY BANK, PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. and DELTA OUTSOURCE GROUP, INC. for:

    a.  actual damages;

    b.  statutory damages of $1,000.00;

    c.  a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

    d.  attorney's fees, litigation expenses, and costs of the instant suit, and;

    e.  such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 16th day of May, 2013.

                                        BRET L. LUSSKIN, Esq.
                                        *Attorney for Plaintiff*
                                        1001 N. Federal Hwy., Ste 106
                                        Hallandale Beach, Florida 33009

        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069